IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MARK MORRIS and
MORRIS TRANSPORTATION, INC.                                        PLAINTIFFS

VS.                    CASE NO. 1:13-CV-1048-SOH

INTEGRATED FREIGHT CORPORATION, INC.                  DEFENDANT

## BRIEF IN SUPPORT OF MOTION TO REMAND

### I. INTRODUCTION

Plaintiffs Mark Morris and Morris Transportation Inc. (collectively, "Morris") started this action by filing a complaint in the Circuit Court of Ashley County on April 25, 2013. Defendant Integrated Freight Corporation, Inc. ("IFC") filed its notice of removal on May 28, 2013, arguing removal was appropriate based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Based on the written agreement between Morris and IFC, IFC has waived any objection to venue in Ashley County, Arkansas, and thus has waived its right to remove Morris' complaint to this Court. Therefore, Morris respectfully asserts that this Court does not have jurisdiction over this matter and asks that the Court remand this case pursuant to 28 U.S.C. § 1447(c).

### II. STANDARD OF REVIEW

The party seeking removal and opposing remand has the burden of establishing subject matter jurisdiction. *In re Bus. Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). If there are any doubts about jurisdiction or removal, the district court must resolve all doubts in favor of remand. *Id.*

1

## III. ARGUMENT

A. **The parties Stock Exchange Agreement contains mandatory language as to consenting to jurisdiction and waiving objection to venue, so IFC's has waived its right to remove.**

The Stock Exchange Agreement ("Agreement") between Morris and IFC includes language regarding jurisdiction and venue, and that language is mandatory. The language of the agreement is as follows:

> Section 12.10. <u>Jurisdiction and venue</u>. Any action or proceeding for enforcement of this Agreement and the instruments and documents executed and delivered in connection herewith which is determined by a court of competent jurisdiction not, as a matter of law, which seeks injunctive relief shall be brought and enforced in the courts of the State of Arkansas in and for Ashley County, Arkansas, and the parties irrevocably submit to the jurisdiction of each such court in respect of any such action or proceeding.

"The validity of a forum selection clause is determined under the usual rules governing the enforcement of contracts in general." *P& S Business Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003). Forum selection clauses may be either mandatory or permissive. Mandatory clauses state that jurisdiction is appropriate only in the designated forum, whereas permissive clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere. *See K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft*, 314 F.3d 494, 498 (10th Cir. 2002). "The law is clear: where venue is specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive." *Paper Exp., Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992); see also *John*

2

1175573-v1

*Boutari and Son, Wines and Spirits, S.A. v. Attiki Importers and Distributors Inc.*, 22 F.3d 51, 52-53 (2d Cir. 1994).

Where an agreement contains mandatory language on jurisdiction and venue, Arkansas courts have held that a party's agreement to a certain court's jurisdiction is binding, and that party has waived its right to removal. *See Servewell Plumbing, LLC v. Summitt Contractors, Inc.*, 362 Ark. 598, 603, 210 S.W.3d 101, 106 (2005) ("Parties may by agreement consent to personal jurisdiction in a given court, but subject-matter jurisdiction cannot be conferred merely by agreement of the parties."); *SD Leasing, Inc. v. Al Spain and Associates, Inc.*, 277 Ark. 178, 181, 640 S.W.2d 451, 452-53 (1982) (where forum selection clause stated, "in the event of default ... [the Florida corporation] will consent to and be subject to the jurisdiction of the courts of the State of Arkansas to enforce the terms of this lease," Florida corporation had consented to Arkansas state court jurisdiction); *New Life Beauty Ctr., Inc. v. Palomar Medical Technologies, Inc.*, 2008 WL 2515612, at *1 (Ark. App. 2008) (unreported) (clause stating that purchaser "consents to the exclusive jurisdiction of the courts of Massachusetts" was enforceable); see also *Nelms v. Morgan Portable Bldg. Corp.*, 305 Ark. 284, 808 S.W.2d 314 (1991) (relying on SD Leasing in enforcing forum selection clause in which parties consented to and selected jurisdiction of Texas courts).

Numerous federal courts have also held that a party may by agreement waive its right to remove. In iNet Directories, LLC v. Developershed, Inc., 394 F.3d 1081, 1081-82 (8th Cir. 2005), the forum selection clause stated:

3

> The Parties hereby irrevocably waive any and all objections which any Party may now or hereafter have to the exercise of personal and subject matter jurisdiction by the federal or state courts in the State of Missouri and to the laying of venue of any such suit, action or proceeding brought in any such federal or state court in the State of Missouri.

The Eighth Circuit held that this clause unambiguously prohibited the defendant from removing the case to federal court, and affirmed the district court's order to remand. *Id.* at 1082 (citing *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797-98 (5th Cir. 2001) (holding nearly identical language—"waiving any objection ... to laying of venue"—waives right to removal)). *See also City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13, 14-16 (5th Cir. 1991) (where parties agreed to "submit to the jurisdiction of any Court of Competent Jurisdiction within the United States," defendant had waived its right to remove; if defendant had wished to reserve its right to remove, it should have stated so in the agreement); *Xtra Lease LLC v. Century Carriers, Inc.*, 2010 WL 431787, at *1-2 (E.D. Mo. Feb. 2, 2010) (interpreting the holdings in *iNet Directories* and *Weltman v. Silna*, 879 F.2d 425, 427 (8th Cir. 1989), to mean that a clause waiving any right to object to a certain forum amounts to a clear and unequivocal waiver of the right to removal); *Medtronic, Inc. v. Endologix, Inc.*, 530 F. Supp. 2d 1054, 1058 (D. Minn. 2008) ("[I]ntent to establish a waiver of the right to removal may be inferred from the language of a forum selection clause."); *Murphy Oil USA, Inc. v. U.S. Fidelity & Guar. Co.*, 1992 WL 465701, at *3 (W.D. Ark. Dec. 21, 1992) (where parties agreed to "submit to the jurisdiction of any Court of competent jurisdiction within the

4

United States," such language was unambiguous and constituted waiver of right to remove).

Here, the Agreement entered into between Morris provides that "[a]ny action or proceeding for enforcement of this Agreement . . . <u>shall</u> be brought and enforced in the courts of the State of Arkansas in and for Ashley County, Arkansas, and the parties <u>irrevocably submit</u> to the jurisdiction of each such court . . ." (Exhibit 1 – Stock Exchange Agreement, at Section 12.10). That consent language is plain, unambiguous, and mandatory.

As the above-cited case law demonstrates, parties may by agreement waive their right to remove. That is exactly what IFC did here. It entered into an agreement with Morris whereby IFC agreed that it would consent to the jurisdiction of the Circuit Court of Ashley County, Arkansas, and that it waived any objection to venue in that court. Thus, based on established precedent and the plain language of the parties' agreement, IFC has waived its right to remove Morris' complaint to this Court. Morris filed the complaint against IFC in Ashley County, Arkansas, and IFC cannot now remove it.

Finally, if this Court has any doubts about jurisdiction or removal, it must resolve those doubts in favor of remand according to the Eighth Circuit. *See In re Bus. Men's Assur. Co. of Am.*, 992 F.2d at 183. The Agreement's mandatory consent language demonstrates that IFC waived its right to remove. Any doubts about the effect of the parties' agreement or IFC's right to remove must be resolved in favor of remand.

1175573-v1

# CERTIFICATE OF SERVICE

On June ___24___, 2013, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which shall send notification of such

filing to the following:

James A. Hamilton
HAMILTON, HAMILTON, & LEONARD, PLLC
P.O. Box 71
Hamburg, Arkansas 71646.

_____
Baxter D. Drennon

## IV. CONCLUSION

Based on the prevailing case law and the parties' own agreement, IFC has waived its right to removal, and Morris' motion to remand should be granted.

> Respectfully,
>
> BYRD LAW FIRM
> 204 E. Lincoln St.
> Hamburg, AR 71646
> (870) 853-8225
> E-MAIL: byrdlaw@sbcglobal.net
>
> Richard Byrd
>
> WRIGHT, LINDSEY & JENNINGS LLP
> 200 West Capitol Avenue, Suite 2300
> Little Rock, Arkansas 72201-3699
> (501) 371-0808
> FAX: (501) 376-9442
> E-MAIL: ctbohannon@wlj.com;
> bdrennon@wlj.com; abrooks@wlj.com
>
> By: /s/ Baxter D. Drennon
> C. Tad Bohannon (92089)
> Baxter D. Drennon (2010147)
> R. Aaron Brooks (2009145)
>
> Attorneys for Mark Morris and Morris Transportation, Inc.