IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MARK MORRIS and                                                                                      PLAINTIFFS
MORRIS TRANSPORTATION, INC.

v.                                       Case No. 1:13-cv-01048

INTEGRATED FREIGHT CORPORATION, INC.                                      DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pending now before the Court is Plaintiffs' Motion to Remand.  ECF No. 6.  Plaintiffs filed this Motion on June 24, 2013.  *Id.*  Defendant Integrated Freight Corporation, Inc. ("IFC") responded to this Motion on July 8, 2013, and Plaintiffs replied on July 22, 2013.  ECF Nos. 9, 13.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to this Court for the purpose of making a report and recommendation.  In accordance with that referral, this Court recommends Plaintiffs' Motion to Remand (ECF No. 6) be **DENIED.**

1.      **Background:**

On April 25, 2013, Plaintiffs filed a complaint in the Circuit Court of Ashley County, Arkansas.  ECF No. 1-1.  In their complaint, Plaintiffs allege breach of contract and seek rescission of that contract due to IFC's alleged breach.  *Id.* at 12.  On May 28, 2013, IFC removed this action to the United States District Court for the Western District of Arkansas.  ECF No. 1.

Thereafter, on June 24, 2013, Plaintiffs filed the current Motion to Remand.  ECF No. 6. With this Motion, Plaintiffs' only argument is that "IFC has waived its right to remove" by consenting "to jurisdiction and venue in Ashley County, Arkansas."  *Id.*  In support of their position,

Plaintiffs attached the "Stock Exchange Agreement" ("SEA") between Plaintiffs and IFC's predecessor wherein IFC purportedly waived its right to remove. ECF No. 6-1. IFC responded to this Motion on July 8, 2013, and it claims the SEA does not bar removal under the circumstances in this case. ECF No. 9. Specifically, IFC claims the jurisdictional limitation in the SEA applies only to an "enforcement" of the SEA and not the rescission of the SEA. *Id.* Accordingly, removal is not barred. *Id.*

2.   **Applicable Law:**

The present action has been removed to federal court pursuant to 28 U.S.C. § 1332(a)(1). ECF No. 1. Under 28 U.S.C. § 1441(a), only civil actions "which the district courts of the United States have original jurisdiction" may be removed. In the present action, the "original jurisdiction" of this case is based upon diversity of citizenship. *See* 28 U.S.C. § 1332.

3.   **Discussion:**

In the present Motion, Plaintiffs raise one limited issue: whether IFC has contractually waived its right to remove this action. ECF No. 6. IFC claims it has not. ECF No. 9. The relevant portions of the SEA regarding jurisdiction and venue are as follows:

> Section 12.10. <u>Jurisdiction and venue</u>. Any action or proceeding for enforcement of this Agreement and the instruments and documents executed and delivered in connection herewith which is determined by a court of competent jurisdiction not, as a matter of law, which seeks injunctive relief shall be brought and enforced in the courts of the State of Arkansas in and for Ashley County, Arkansas and the parties irrevocably submit to the jurisdiction of each such court in respect of any such action or proceeding.

ECF No. 6-1 at 15.

IFC claims the relevant portion of Section 12.10 is that venue is restricted where the lawsuit is "for enforcement of this Agreement." ECF No. 9. IFC claims Plaintiffs seek in their current

complaint to rescind the SEA, not to enforce the SEA. *Id.* Accordingly, jurisdiction is not limited to Ashley County, Arkansas. *Id.* In their Reply, Plaintiffs dispute this claim and argue that "any doubts about jurisdiction or removal" must be resolved in favor of remand. ECF No. 13.

Upon review, the Court agrees with IFC's argument. By its very terms, Section 12.10 only applies to "Any action or proceeding *for enforcement of this Agreement. . . ."* The present action is for the rescission of the SEA. ECF No. 1-1 at 12. Thus, by its very terms, the jurisdictional limitation in Section 12.10 does not apply. Any other reading of Section 12.10 would broaden the plain meaning of the terms in this provision, which this Court cannot do. *See ProAssurance Indem. Co., Inc. v. Metheny,* 2012 Ark. 461, 2012 WL 6204231, at *12 (Dec. 13, 2012) (holding "[i]f the language [in a contract] is unambiguous, the court will give effect to the plain language of the policy without resorting to the rules of construction").

**4. Conclusion:**

Based upon the foregoing, the Court recommends Plaintiffs' Motion to Remand (ECF No. 6) be **DENIED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix***, 897 F.2d 356, 357 (8th Cir. 1990).**

ENTERED this 30th day of October 2013.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE