IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MARK MORRIS and
MORRIS TRANSPORTATION, INC.            PLAINTIFFS

VS.        CASE NO. 1:13-CV-1048-SOH

INTEGRATED FREIGHT CORPORATION, INC.           DEFENDANT

## PLAINTIFFS' REPLY TO INTEGRATED FREIGHT CORPORATION, INC.'S RESPONSE TO MOTION TO DISMISS WITHOUT PREJUDICE

Plaintiffs Mark Morris and Morris Transportation, Inc. (collectively "Morris") request leave of the Court to file a reply to the response (the "Response") (Dkt. 20) of Integrated Freight Corporation, Inc. ("IFC") to Morris's motion to dismiss (the "Motion") without prejudice (Dkt. 18):

1. Morris filed its Complaint in this matter seeking rescission of the Stock Exchange Agreement and subsequent amendments and restatements, which purport to transfer the stock of Morris to IFC in exchange for cash, stock of IFC, and other consideration.

2. During the course of this matter, Morris discovered that the actions of IFC have destroyed the value of cancelling the transaction and receiving the stock back.

3. As a result, on August 1, 2014, Morris moved to dismiss its Complaint without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

4. Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, an action can be dismissed at the plaintiff's request by court order on terms the court considers proper.

5. IFC has responded to the Motion and indicated that it will consent to the dismissal of the Complaint without prejudice if the following conditions are met:

    a. Morris must provide certain requested business information; and

1

    b.  Morris must pay IFC $10,000 for attorney's fees and expenses.

6.  IFC's conditions are unreasonable, and the Court should reject them.

7.  With regard to the requested business information, IFC does not have a counter-claim in this matter, and the requested business information has no bearing on Morris' Complaint. Therefore, the information has no relevance to this case, and the Court should not require Morris to provide the information, to the extent it has not already provided it, in order for the Court to dismiss the Complaint without prejudice.

8.  With regard to the IFC's request for $10,000 for attorney's fees and expenses, IFC's request is not timely and is unnecessary.

9.  Morris has filed its Complaint based on a contract. Pursuant to Section 16-22-308 of the Arkansas Code, the prevailing party in an action based on a contract may be allowed to recover a reasonable attorney fee. Further, Rule 54(d) of the Federal Rules of Civil Procedure permits the prevailing party to recover its incurred costs.

10.  Pursuant to Arkansas law, the term "prevailing party contemplates at least some adjudication on the merits of the action." *Burnette v. Perkins & Associates*, 343 Ark. 237, 33 S.W.3d 145, 151 (2000). Based on that reasoning, the Arkansas Supreme Court in *Burnette* affirmed the trial court's ruling that its dismissal of the plaintiff's complaint without prejudice was not sufficient to bestow the prevailing party status on the defendant for purposes of Section 16-22-308 of the Arkansas Code. *Id.* at 147.

11.  Here, the dismissal without prejudice of Morris' Complaint does not bestow the prevailing party status on IFC, and IFC is not entitled to recover its attorney's fees. Therefore, IFC's request for costs and attorney's fees is not timely.

12.  Further, if Morris refiles the Complaint and is not successful, IFC will be the prevailing party and may be allowed to recover a reasonable attorney fee. Therefore, IFC's request for costs and attorney's fees is not necessary.

2

1226266-v1

13. Finally, IFC has not submitted an affidavit or any other information upon which the Court could rely in determining whether IFC's fee and cost request is reasonable.

14. For those reasons, the Court should grant Morris' Motion and dismiss the Complaint without prejudice. Should Morris refile its Complaint, Morris will refile it with this Court.

WHEREFORE, Mark Morris and Morris Transportation, Inc., respectfully requests that the Court grant its motion to dismiss without prejudice and award all other relief to which Morris is entitled.

Respectfully submitted,

BYRD LAW FIRM
204 E. Lincoln St.
Hamburg, AR 71646
(870) 853-8225
E-MAIL: byrdlaw@sbcglobal.net

Richard Byrd

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: ctbohannon@wlj.com;
bdrennon@wlj.com; abrooks@wlj.com

By: /s/ Baxter D. Drennon
Baxter D. Drennon (2010147)
R. Aaron Brooks (2009145)

Attorneys for Mark Morris and Morris Transportation, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2014, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system, which shall send notification of such filing to the following:

Mr. James A. Hamilton
HAMILTON, HAMILTON, & LEONARD, PLLC
P.O. Box 71
Hamburg, Arkansas 71646

*Attorneys for Integrated Freight Corporation*

_____
Baxter D. Drennon